UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DENISE KRAUS, et al.**,

    Plaintiffs,

    v.                                       **CIV. NO. 03-777 ACT/RLP**
                                                          Consolidated with
                                                          **CIV. NO. 03-778**

**UNITED STATES OF AMERICA,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion for Leave Amend Answer (Docket No. 34) and Defendant's Corrected Memorandum in Support of Motion for Leave to Amend Answer (Docket No. 37). Upon review of the pleadings and being advised in the premises, the Court finds that Defendant's Motion is well taken and will be granted.

Background.

Plaintiffs, Denise Kraus ("Kraus") and Elizabeth Gorman de Romero ("Romero"), filed their Complaint for Damages and Other Affirmative Relief ("Complaint") in state court on May 1, 2002. Defendants removed the Complaint to federal court on July 2, 2003.[1] Plaintiffs allege that an individual, Wesley C. Durham ("Durham"), while in the scope of his employment, had inappropriate

---

[1] Originally the Complaint was filed against numerous Defendants. However, the Court entered an Order on December 1, 2003, granting an unopposed motion that the named Defendants would be dismissed and the caption should reflect that the United States of America is the only Defendant. Docket No. 20.

sexual contact with the Plaintiffs. Durham was a licensed social worker who worked as a crisis line counselor at Crisis Response of Santa Fe.[2] Plaintiff's claims are brought pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671 *et. seq.*

Law on Amendment to Pleadings.

Rule 15(a) governs circumstances where parties seek to amend a pleading after a responsive pleading has already been filed. *Fed.R.Civ.P. 15(a)*. Such leave "shall be freely given when justice so requires." *Id.* Courts "balance several factors in deciding whether leave to amend should be granted." 6 C. Wright & A. Miller, *Federal Practice and Procedure* §1487, at 612-13 (2d ed. 1990). It is within a court's discretion to deny a motion to amend for particular reasons, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of any such reason counseling against amendment, "the leave sought should, as the rules require, be 'freely given.'" *Id*.

Discussion.

Plaintiff asserts that Defendant's Motion should be denied on the grounds of futility and timeliness.

*Futility*.

An amendment is considered futile if it would not survive a motion to dismiss or for summary

---

[2] It appears to be undisputed that Presbyterian Medical Services, Inc. d/b/a Crisis Response of Santa Fe, a New Mexico Corporation is covered by the provisions of the Federal Tort Claims Act. 42 U.S.C. §§ 233(a).

judgment. *Bauchman v. W. High School*, 132 F.3d 542, 562 (10th Cir. 1997), cert denied, 524 U.S. 953 (1998). Plaintiff relies on the Tenth Circuit's decision in *Benavidez v. United States*, 177 F.3d 927 (10th Cir. 1999). In *Benavidez*, Plaintiff sued the USA alleging that a government-employed psychologist negligently mismanaged the patient-therapist relationship by engaging in sexual contact and drug and alcohol abuse with the plaintiff over a five year period. The issue before the court was whether the therapists's alleged conduct constituted a negligent, or wrongful act rather than an assault or battery for purposes of the FTCA. If the wrongful conduct was construed as assault and battery and thus an intentional tort, plaintiff's claims would fall within the intentional tort exception to the FTCA's waiver of sovereign immunity. 28 U.S.C. §2680(h). The Tenth Circuit held that Plaintiff's Complaint stated a claim for professional negligence or malpractice, not an intentional tort. *Benavidez,* 177 F.3d at 932. The reasoning of the Court included the holdings of other courts that regarded "mishandling of transference as malpractice or gross negligence." *Id*. at 930. "The 'transference phenomenon' refers to the tendency of patients to become emotionally dependent upon, and trusting of, their psychologist or psychiatrist." *Id*.

The Court cannot say that Defendant's affirmative defense of intentional tort exception to sovereign immunity is "clearly" futile. *Maya v. GMC*, 953 F. Supp. 1245 (D. N.M. 1996). In determining the nature of a claim, the Court looks at the conduct upon which the Plaintiff's premise their claim. *Benavidez*, 177 F.3d at 931. It is not clear that the claims of the Plaintiffs in this matter deal with a "transference phenomenon." Krause alleges that she had three phone calls over a course of two days. She does not assert that she met Durham. Romero alleges an undetermined number of phone calls and meetings with Durham. Durham was employed by the center for four months. It is not evident from the Complaint whether all of Romero's meetings with Durham occurred while he

3

was still employed by the center. Likewise, it is not clear what took place when Durham visited Romero's home.

      *Timeliness*.

The statutory exceptions to the waiver of sovereign immunity in the FTCA are jurisdictional in nature. *Dalehite v. United States,* 346 U.S. 15, 30-31 (1953). Subject matter jurisdiction is never waived and may be raised at any time. *Crow v. United States,* 634 F. Supp. 1085, 1087 (D. Kan. 1986). Thus, Defendant's amendment is not untimely.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to Amend Answer and Defendant's Corrected Memorandum in Support of Motion for Leave to Amend Answer is granted and Defendant will file a Second Amended Answer within ten (10) days of entry of this Order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**